UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROBERT WILLIAM WATSON,

                Plaintiff,

-against-

CONNERY O'BRIEN, CUCS IMT TEAM7;
RAQUEL VELASQUEZ, CCRB; ALFRED
CHARLES SHARPTON, NAN; TIWARI
SHURTI, MD; KATRINA JEFFERSON;
DETECTIVE WADOLOSKI; ERIC ADAMS,
Mayor of New York,

                Defendants.

1:23-CV-8958 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff Robert William Watson, of New York, New York, who appears *pro se*, filed this action invoking the court's federal question jurisdiction. He sues: (1) Connery O'Brien, who is alleged to be employed by the Center for Urban Community Services; (2) Raquel Velasquez, a Senior Investigator of the New York City Civilian Complaint Review Board ("CCRB"); (3) Alfred Sharpton, Chief Executive Officer of the National Action Network's House of Justice; (4) Dr. Shruti Tiwari, a psychiatrist affiliated with the public hospital known as NYC Health + Hospitals/Elmhurst, located in Elmhurst, Queens County, New York; (5) Katrina Jefferson, a person affiliated with the National Action Network; (6) Detective Wadoloski, of the New York City Police Department's ("NYPD") 32nd Precinct; and (7) Eric Adams, Mayor of the City of New York. Plaintiff seeks damages.

    Plaintiff seems to assert claims of federal constitutional violations under 42 U.S.C. § 1983 and claims under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), as well as claims stemming from being a survivor of the September 11, 2001 terrorist attacks and claims under state law. By order dated October 13, 2023, the Court granted

Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court dismisses this action, but grants Plaintiff 60 days' leave to replead his claims in an amended complaint.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Id.* But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action,"

which are essentially just legal conclusions. *Id.* (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.* at 679.

## BACKGROUND

Plaintiff's allegations in his complaint are difficult to comprehend. Plaintiff has attached to his complaint an excerpt of a letter that he wrote to a state court judge in Maryland in which he claims to be "a [c]ertified victim of the September 11th attacks, as recognized by [his] designation as a 911 [s]urvivor with the Victim Compensation Fund." (ECF 1, at 4.) In the statement of claim portion of his complaint, he alleges that the events that are the bases of his claims began on September 11, 2023, and have continued to the present, at what appears to be the apartment building where he resides, in New York, New York. (*Id.* at 9.)

Plaintiff alleges that Defendant Tiwari "violates September 11th policy and procedures." (*Id.*) He also alleges that Defendant Sharpton "was informed by [him] on September 12, 2020[,] about the death of . . . Evelyn Watson on September 11, 2020." (*Id.*) Plaintiff further alleges that he "was unlawful[ly] imprison[ed] by Downtown Goddard Supervisor (Jamie Pargirsky) . . . and Jennie Drossman." (*Id.* at 11.) In addition, Plaintiff asserts that a "HIPPA agreement [was] violated," and he cites Section 1983. (*Id.*)

In the injuries section of the complaint, Plaintiff states the following: "Re: WCB case G2147510, WTCHP 001577778, September 11th appeals [*sic*]" (*id.* at 2) and "certified in 2018 for GERD, P.T.S.D. (anxiety and depression), carpal tunnel syndrome, [b]ack injuries under VCF 0104772 – WTCHP 911511696. Require order WTCHP to help, Sept 11th VCF appeal [*sic*]" (*id.* at 11). He also states that "the 9/11 Health and Compensation Act re-opened the September 11th Victim Compensation Fund. The funds allow those affected to file claims for

economic losses due to physical harm or death caused by 9/11. Appointment WTCHP. [*sic*]" (*Id.* at 13.)

In the relief section of the complaint, Plaintiff states: "1. Section; WCB Case G2147510, Re: 0101 4772 ROBERT WATSON 2[.] ROBERT WILLIAM WATSON JR WTCHP victims payment $350,000 into VCF account [*sic*]." (*Id.* at 2.) He also states that "$7 billion was awarded to 97% of the families, [Plaintiff] never file[d] suit against the airlines for any lack of security or otherwise unsafe procedures. Court order $350,000 to Plaintiff['s] account [*sic*]." (*Id.* at 11.) He further states "order compensation review process for economic losses, $250,000 deceased claim. $100,000 economic losses [*sic*]." (*Id.* at 13.)

Plaintiff has attached to his complaint copies of Individualized Plans for Employment for him that were issued by the New York State Education Department. (*Id.* at 6, 8, 14, 18, 20, 22.) Those documents indicate that Plaintiff is currently undergoing psychiatric treatment (*see id.*), and one of them states that Plaintiff "should pursue a neuropsychological evaluation to assess cognitive functioning and examine the cognitive consequences of brain damage, brain disease, and mental illness" (*id*. at 20). Another one of those documents states that Plaintiff has been "diagnosed with symptoms of post-traumatic stress disorder, including increased anxiety on hearing sirens, fire alarms, easy irritability, poor sleep, flashbacks, and depressed mood with perseverative thoughts about losing his job after 9/11, [and] avoiding things that remind him of 9/11 events. . . ." (*Id.* at 22.) Still another of those documents states that Plaintiff is being referred for a "neuropsychological evaluation to determine if he [is] mentally stable to pursue his own business, and if not, if there is any vocational field that is suitable for him at this time." (*Id.* at 20.)

## DISCUSSION

**A.      Claims under HIPAA**

To the extent that Plaintiff asserts claims under HIPAA, the Court must dismiss those claims. HIPAA does not provide a private right of action. *See Meadows v. United Servs., Inc.*, 963 F.3d 240, 244 (2d Cir. 2020). The Court therefore dismisses Plaintiff's claims under HIPAA for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**B.      Claims under 42 U.S.C. § 1983**

### 1.      Claims under Section 1983 against Defendants O'Brien, Sharpton, and Jefferson

The Court must dismiss Plaintiff's claims of federal constitutional violations under 42 U.S.C. § 1983 against Defendants O'Brien, Sharpton, and Jefferson. To state a claim on which relief can be granted under that statute, a litigant must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *See West v. Atkins*, 487 U.S. 42, 48-49 (1988). "The traditional definition of acting under color of state law requires that the defendant . . . exercise[] power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Id.* at 49 (internal quotation marks and citation omitted). "Because the United States Constitution regulates only the Government, not private parties, [with respect to a claim brought under Section 1983,] a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes state action." *Flagg v. Yonkers Sav. & Loan Ass'n*, 396 F.3d 178, 186 (2d Cir. 2005) (internal quotation marks and citation omitted). Private parties generally are not state actors, and therefore are not usually liable under Section 1983. *Sykes v. Bank of Am.*, 723 F.3d 399, 406 (2d

Cir. 2013) (quoting *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)).

To the extent that Plaintiff asserts claims under Section 1983 against Defendants O'Brien, Sharpton, and Jefferson, who all appear to be private citizens, he does not allege any facts that show that any of those defendants was acting under color of state law when he or she allegedly injured Plaintiff. The Court therefore dismisses Plaintiff's claims of federal constitutional violations under Section 1983 against Defendants O'Brien, Sharpton, and Jefferson for failure to state a claim on which relief may be granted. *See* § 1915(e)(2)(B)(ii).

### 2. Claims under Section 1983 against Defendants Velasquez, Tiwari, Wadoloski, and Adams

To state a claim under Section 1983 against an individual state actor defendant, a plaintiff must allege facts showing that the individual state actor defendant was directly and personally involved in an alleged constitutional deprivation. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit that personal involvement of defendants in the alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." (internal quotation marks omitted)). A state actor defendant may not be held liable under Section 1983 solely because that defendant employs or supervises a person who violated the plaintiff's rights. *See Iqbal*, 556 U.S. at 676 ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*."). Rather, "[t]o hold a state official liable under § 1983, a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official[.]" *Tangreti v. Bachmann*, 983 F.3d 609, 620 (2d Cir. 2020).

Defendant Velasquez, a CCRB official; Defendant Tiwari, a physician who appears to be employed by NYC Health + Hospitals (formerly known as the New York City Health &

6

Hospitals Corporation); Defendant Wadoloski, an NYPD detective; and Mayor Adams all appear to be state actors, but Plaintiff alleges no facts showing how any of them was directly and personally involved in any violation of his federal constitutional rights. The Court therefore dismisses Plaintiff claims under Section 1983 against those defendants for failure to state a claim on which relief may be granted. *See* § 1915(e)(2)(B)(ii).

In light of Plaintiff's *pro se* status, and inasmuch as Plaintiff wishes to pursue claims of federal constitutional violations under Section 1983, however, the Court grants him leave to replead those claims in an amended complaint in which he names individual state actors as defendants who were directly and personally involved with the alleged violations of his federal constitutional rights, and alleges facts showing those defendants' direct and personal involvement.

C.    **Claims arising from the September 11, 2001 terrorist attacks**

Plaintiff seems to assert claims arising from injuries that he may have sustained as a result of the September 11, 2001 terrorist attacks. Because it appears that he may have filed a claim with the September 11th Victim Compensation Fund ("VCF"), however, he has probably waived his right to bring those claims. Congress provided two options to persons to assert claims arising from injuries incurred as a result of the September 11, 2001 terrorist attacks: the VCF or a traditional lawsuit. If the claimant chooses to file with the VCF, that filing operates as a waiver of the right to file a civil action. Section 405 of the Air Transportation and Safety and System Stabilization Act ("ATSSSA"), Pub L. No. 107-42, 115 Stat. 230 (2001) (codified at 49 U.S.C. § 40101 note), states that "[u]pon the submission of a [VCF] claim . . . , the claimant waives the right to file a civil action (or be a party to an action) in any Federal or State court for damages sustained as a result of the terrorist-related aircraft crashes of September 11, 2001." ATSSSA,

§ 405(c)(3)(B)(i).[1] The United States Court of Appeals for the Second Circuit has held that this waiver provision is unambiguous, and that it "clearly states that [VCF] claimants waive their right to bring civil actions resulting from any harm caused by the 9/11 attacks[.]" *Virgilio*, 407 F.3d at 112-13; *see id.* at 115 (noting that subsequent amendments "reinforce the view that the plain and broad language of [S]ection 405(c)(3)(B)(i) already encompassed any claim for damages sustained as a result of the terrorist-related aircraft crashes" (footnote omitted)).

To the extent that Plaintiff has filed a claim with the VCF, he has waived his right to bring any claim for damages, not excluded from the abovementioned waiver, that arises from any harm that he allegedly sustained as a result of the September 11, 2001 terrorist attacks. The Court therefore dismisses those claims for failure to state a claim on which relief may be granted. *See* § 1915(e)(2)(B)(ii); *Virgilio v. Motorola & City of New York*, No. 03-CV-10156, 2004 WL 433789, at *2 (S.D.N.Y. Mar. 10, 2004) (granting the defendants' motion to dismiss under Fed. R. Civ. P. 12(b)(6) because, in filing VCF claims, the plaintiffs had waived, under Section 405(c)(3)(B)(i), their right to bring a civil action for damages), *aff'd*, 407 F.3d 105 (2d Cir. 2005).

The Court, however, grants Plaintiff leave to replead those claims in an amended complaint in which he alleges facts showing that he has not waived his right to assert those claims.

---

[1] This waiver does not include any "civil action to recover collateral source obligations." ATSSSA § 405(c)(3)(B)(i) The term "collateral source" is defined in the ATSSSA as "all collateral sources, including life insurance, pension funds, death benefit programs, and payments by Federal, State, or local governments related to the terrorist-related aircraft crashes of September 11, 2001." ATSSSA, § 402(4) (codified at 49 U.S.C. § 40101 note). The Aviation and Transportation Security Act ("ATSA"), Pub. L. No. 107-71, 115 Stat. 597 (2001), later amended the ATSSSA to allow VCF claimants "to sue individuals responsible for the attacks notwithstanding the waiver." *Virgilio v. City of New York*, 407 F.3d 105, 109 (2d Cir. 2005) (citing ATSA, § 201(a), codified at 49 U.S.C. § 40101 note).

**D.     Leave to amend**

Plaintiff proceeds in this matter without the benefit of an attorney. Federal district courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that federal district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state a valid claim under Section 1983 and/or arising from injuries he allegedly sustained as a result of the September 11, 2001 terrorist attacks, the Court grants Plaintiff 60 days' leave to file an amended complaint to detail his claims as follows:

1. Plaintiff must name as the defendant(s) in the caption those who were allegedly involved in the deprivation of his federal rights and/or injured him.

2. In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant named in the amended complaint. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

    a. the names and titles of all relevant people;

    b. a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

    c. a description of the injuries Plaintiff suffered; and

    d. the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated his rights and/or injured him; how, when, and where such violations and/or injuries occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, his original complaint, any facts or claims that Plaintiff wants to include from his original complaint must be repeated in his amended complaint.

## CONCLUSION

The Court dismisses this action, but grants Plaintiff 60 days' leave to replead his claims in an amended complaint, as specified above. If Plaintiff fails to file an amended complaint within the time allowed, or does not show cause to excuse such failure, the Court will direct the Clerk of Court to enter a judgment dismissing this action; the judgment will dismiss Plaintiff's claims under federal law for failure to state a claim on which relief may be granted, *see* 28 U.S.C. § 1915(e)(2)(B)(ii), and will decline to consider, under the Court's supplemental jurisdiction, Plaintiff's claims under state law, *see* 28 U.S.C. § 1367(c)(3).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   November 27, 2023
         New York, New York

                                          /s/ Laura Taylor Swain
                                          LAURA TAYLOR SWAIN
                                          Chief United States District Judge